NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN ROBLES,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>        Defendant-Appellee,<br><br>  v.<br><br>YOUNG CHO,<br><br>        Real-party-in-interest-Appellant. | No.   19-55458<br><br>D.C. No. 5:16-cv-02318-GJS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Gail J. Standish, Magistrate Judge, Presiding

Submitted December 8, 2020**
Pasadena, California

Before: KELLY,*** GOULD, and R. NELSON, Circuit Judges.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Real-party-in-interest Young Cho appeals from the reduction of his attorney's fees award in this successful social security benefits case. He argues that the district court abused its discretion by using a lodestar rate of $1,145 to calculate a fee of $16,000, rather than $20,000 as requested. We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

Counsel that successfully represents a social security claimant may be awarded by the district court "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Where an attorney represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the district court's reasonableness determination. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). Even where counsel requests a fee within the 25 percent limit, the district court is required to undertake an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 807–08.

We review for abuse of discretion the amount of a fee award under 42 U.S.C. § 406(b) and legal questions de novo. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698

---

*** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

F.3d 1215, 1219 (9th Cir. 2012). Here, the district court correctly began with the contingency fee agreement and examined the character of Mr. Cho's representation and the results achieved. The district court determined that the case was simple compared to other social security cases and that the size of the recovery was "excessively large in comparison to the hours [Mr. Cho] spent" on the case. In reaching this conclusion, the district court properly examined the risk and complexity of the case and discussed various hourly rates in comparable cases. The district court appropriately considered these hourly rate calculations "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Gisbrecht*, 535 U.S. at 808.

After determining that the fee was unreasonable in light of the nature and results of the representation, the district court appropriately reduced the fee to $16,000. We disagree with the Appellant's contention that the district court began with a maximum hourly rate and failed to give adequate weight to the character of the representation, the results achieved, or the reduction Mr. Cho had already made. The district court provided a "concise but clear explanation of its reasons" for awarding a reduced fee, as it was required to do. *Crawford*, 586 F.3d at 1152. Considering the "highly respectful review" to which the district court's reasonableness determination is entitled, *Gisbrecht*, 535 U.S. at 808, the district court did not err in awarding Mr. Cho a reduced fee under 42 U.S.C. § 406(b)(1)(A).

3

AFFIRMED.